



RECEIVED
IN LAKE CHARLES, LA

APR 14 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| MARVIN DON CLINE | CIVIL ACTION NO. 07-2173<br>SECTION P |
| VS. | JUDGE TRIMBLE |
| JOSEPH P. YOUNG, ET AL | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2241) filed *in forma pauperis* on December 10, 2007, by *pro se* petitioner Marvin Don Cline, Federal Prisoner Number 23458-009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCI-O) and names FCI-O warden Joseph Young and FCI-O case manager Carl Lafargue as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

#### *Statement of the Case*

On February 10, 2006, petitioner was sentenced in the Eastern District of Arkansas to 110 months incarceration following his conviction of conspiracy to possess a machine gun, possession of a machine gun, and being a felon in possession of a firearm. He states that his initial designation to FCI-O was initiated by the Designation and Sentence Computation Center (DSCC). Petitioner contests his custody classification as designated by the BOP. More specifically, he states that within the last year, case manager Carl Lafargue informed him that there was a Management Variable of (v) Greater Security placed on his file to maintain his

current custody level.  Petitioner also states that on June 5, 2007, he filed an administrative
grievance requesting that the Management Variable be lifted so that he could be transferred to a
minimum security prison as warranted by his security score.  Petitioner contends that the denial
of his request to have his Management Variable removed was based on the BOP's position that
his convictions for firearms in relation to drug trafficking created a greater propensity for
violence and potential threat to community safety.  He states that the refusal to remove the
Management Variable violates his Constitutional rights of Equal Protection and Due Process.  In
addition, petitioner cites *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 109 S.Ct.
1904, 104 L.Ed.2d 506 (1989) for the proposition that he has "a Protected Liberty interest as to
the limitations of the Bureau's discretion to interpret Program Statements." [Doc. 1]  Petitioner
seeks "judicial review of the Respondent's discretion and interpretation of the Petitioner's case
and [BOP program statement]." *Id*.  As relief, petitioner asks this court to order the BOP to
remove his Management Variable and/or designate him to a Federal Prison Camp within his
region of release.

### Law and Analysis

The instant petition fails to state a claim for which relief may be granted.  It is well settled
that an inmate has no federal constitutional right to any particular security classification once
incarcerated. *Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003), *cert. denied, Cain v.
Wilkerson*, 540 U.S. 966, 124 S. Ct. 432, 157 L. Ed. 2d 310 (2003); *Harper v. Showers*, 174 F.3d
716, 719 (5th Cir. 1999); *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998) *abrogated on other
grounds by Booth v. Churner*, 532 U.S. 731, 735, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001).
The security classification of prisoners is a matter within the discretion of prison officials.

2

*McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990). Thus, absent an abuse of discretion, a federal court may not interfere with administrative determinations regarding custodial classifications of inmates. *Whitley*, 158 F.3d at 889. The federal courts do not supervise the day-to-day administration of prisons. *Meachum v. Fano*, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976).

Petitioner contends, in essence, that Defendants have abused their discretion in assigning the Management Variable. The language petitioner cites from the regulations delegates a wide range of discretion to prison officials to manage the security classifications of prisoners. That other inmates convicted of charges similar to those of which petitioner was convicted are sometimes given different Management Variables does not indicate an abuse of discretion; it represents an exercise of discretion consistent with the requirements and intent of the regulations. Petitioner has failed to allege facts sufficient to amount to an abuse of discretion.

Petitioner's reliance on *Kentucky Dept. of Corrections v. Thompson* is misplaced (and the language he quotes out of context was itself quoted from *Olim v. Wakinekona, infra*). In *Thompson*, the Court focused on the absence of mandatory language and concluded that the Kentucky prison regulations did not give inmates a protectable liberty interest in receiving visitors. *Thompson*, 490 U.S. at 464-65. The regulations at issue in *Thompson* are much like the classification scheme at issue in the instant case—"not worded in such a way that an inmate could reasonably expect to enforce them against the prison officials." *Id.* at 465.

Likewise, petitioner's request that this court transfer him to a Federal Prison Camp within his region of release must also be denied. According to 18 U.S.C. § 3621(b), the BOP may confine a prisoner in any facility. Federal prisoners generally have no constitutional right to

3

placement in a particular penal institution. *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983*); Brown-Bey v. United States,* 720 F.2d 467, 470 (7th Cir. 1983)*; Moore v. United States Att'y Gen.*, 473 F.2d 1375 (5th Cir. 1973). As the Supreme Court explained:

> Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State he has no justifiable expectation that he will be incarcerated in any particular State. Often, confinement in the inmate's home State will not be possible. A person convicted of a federal crime in a State without a federal correctional facility usually will serve his sentence in another State.

*Olim v. Wakinekona*, 461 U.S. at 245-246, 103 S. Ct. at 1745-1746. In short, petitioner has no constitutional right to be incarcerated in any particular prison.

Accordingly,

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as the petitioner has failed to state a claim and is otherwise not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by FED.R.CIV.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

conclusions accepted by the District Court, except upon grounds of plain error.  *See,*

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir.  1996).

Signed in Chambers at Lake Charles, Louisiana, on the ___14th___ day of

___April_____, 2008.

_____

**KATHLEEN KAY**

**UNITED STATES MAGISTRATE JUDGE**

**5**